IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CR-074-001-GKF |
| | ) | |
| ERICA BILBY, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is defendant's Motion for Hearing (Dkt. # 5). Defendant requests that the Court issue an order directing that she appear before the Court for a show cause hearing on the superseding order on supervised release.

In April 2012 defendant was charged in the Western District of Tennessee in a five-count indictment charging various offenses. In August 2012 she pleaded guilty to Count Five of the indictment alleging Theft or Receipt of Stolen Mail Matter, in violation of 18 U.S.C. §§ 1708 and 2. On November 15, 2012, she was sentenced to time served, to be followed by a three-year term of supervised release. The Court further ordered restitution totaling $1,566.90, and imposed a special assessment of $100. On March 28, 2013, the Court accepted transfer of defendant's term of supervised release to this jurisdiction (Dkt. # 1). The term of supervised release was scheduled to expire on December 19, 2015.

On September 22, 2015, an order on supervised release was filed alleging a supervised release violation (Dkt. # 2), and a warrant was issued (Dkt. # 3). On November 5, 2015, a superseding order on supervised release was filed (Dkt. # 4). The term of supervised release tolled

when defendant was taken into custody for state law violations.[1]  The superseding order on supervised release alleges defendant knowingly associated with convicted felons and engaged in criminal activity in connection with Tulsa County District Court Case No. CF-2015-4708, charging possession of stolen vehicle, possession of controlled drug, and two counts of knowingly concealing stolen property.  On October 19, 2015, defendant pleaded guilty to the four-count information and was sentenced to an aggregate three-year term of imprisonment in the custody of the Oklahoma Department of Corrections.  She is currently incarcerated at the Dr. Eddie Warner Correctional Center, where the U.S. Marshal lodged a detainer based on the order on supervised release warrant.  Defendant's projected release date from state custody is July 7, 2018.

There is no constitutional right to disposition of supervised release violation charges prior to the expiration of a separate sentence.  See Moody v. Daggett, 429 U.S. 78, 89 (1976) (holding that parolee, imprisoned for a crime while on parole, was not entitled to an immediate parole revocation hearing on an unexecuted warrant for parole violations and detainer lodged with his present institution of confinement).  See also United States v. Fernandez, No. 96-2166, 1998 WL 58158, at *1-2 (10th Cir. 1998) (unpublished) (applying Moody in the context of a supervised release violator's warrant and holding that hearing requirements and time limitations of Fed. R. Crim. P. 32.1 are triggered only when defendant is taken into custody on the warrant.).  It is only upon execution of the warrant that a petitioner's liberty interests based on unreasonable delay are affected.  Moody, 429 U.S. at 87-88.

Defendant makes no claim that delay in the execution of the warrant may prejudice her

---

[1] A supervised release term tolls when a defendant is imprisoned in connection with any conviction for another crime unless the term of imprisonment is less than thirty days.  18 U.S.C. § 3624(e).

ability to contest the issue of whether she committed a violation of release. Even if she did, her claim is without merit because, as evidenced by her conviction in Tulsa County District Court Case No. CF-2015-4708, defendant has confessed to the conduct forming the most salient basis of the allegations in the superseding order on supervised release. Therefore, neither credibility of the allegation nor loss of witness issues appears to be in question. As defendant is serving an indeterminate[2] imprisonment term, knowledge of the extent of punishment and her conduct while confined are material to this Court's determination of a proper disposition of the revocation matter. Neither can be accurately assessed until the state sentences are satisfied.

Based on these facts, the Court finds that ordering her appearance for a show cause hearing is not in the interest of justice until defendant discharges from the state sentences.

**IT IS THEREFORE ORDERED** that defendant's Motion for Hearing (Dkt. # 5) is hereby **denied**.

**DATED** this 8th day of December, 2015.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] By "indeterminate," the court means that the crimes for which Bilby was sentenced to an aggregate three year term of imprisonment are not 85% crimes, and it is unknown at this time when Bilby will be released from state court.